UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAZARA GONZALEZ,

    Plaintiff,

v.                                                Case No. 8:20-cv-1325-AEP

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,[1]

    Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.  Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 301-14). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 149-236). Plaintiff then requested an

---

[1] Kilolo Kijakazi is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Acting Commissioner Kilolo Kijakazi should be substituted for Commissioner Andrew M. Saul as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

administrative hearing (Tr. 239-43).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 66-101).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 45-65).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-9, 297-300).  Plaintiff then timely filed a complaint with this Court (Doc. 1).  The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B.  Factual Background and the ALJ's Decision

Plaintiff, who was born in 1971, claimed disability beginning September 28, 2014, which she later amended to October 5, 2017 (Tr. 72, 302, 309).  Plaintiff completed the ninth grade, did not obtain a GED, and attended some classes for certified nurse's assistants ("CNA") (Tr. 75-76).  Plaintiff's past relevant work experience included work as a CNA and a kennel attendant (Tr. 57-58, 96, 334-36, 344).  Plaintiff alleged disability due to bipolar disorder, depression, mania, psychosis, post-traumatic stress disorder ("PTSD"), and panic attacks (Tr. 343).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2019 and had not engaged in substantial gainful activity since October 5, 2017, the amended alleged onset date (Tr. 51).  After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease, affective disorder, anxiety disorder, and PTSD (Tr. 51).  Notwithstanding the noted

impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 52).  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, except Plaintiff was limited to occasional postural activity; could never climb ladders, ropes, and scaffolds; could frequently reach overhead bilaterally; could no more than occasionally be exposed to extreme heat, humidity, vibration, and workplace hazards, such as unprotected heights and moving machinery; and was limited to not more than occasional exposure to atmospheric irritants such as dusts, odors, fumes, and gases (Tr. 54).  Further, the ALJ found that the work must be unskilled, limited to occupations with a specific vocational preparation of 1 or 2 only, with performing simple, routine, and repetitive tasks; must not have more than occasional interaction with coworkers, supervisors, and the general public; must not have more than occasional changes in the general nature of the work setting or the tasks performed; and should not be at production pace, meaning on an assembly line or where Plaintiff is paid by the piece produced (Tr. 54).  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 55).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 57). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker/pricer, a mail clerk (private industry), and a produce sorter (Tr. 58-59, 98). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 59).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The SSA, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the

sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred by failing to properly consider her subjective complaints.[2] At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of

---

[2] In support of her position, Plaintiff points to an August 20, 2018 statement from an advanced registered nurse practitioner ("ARNP"), who she met with for her mental health treatment and medication management, which indicated that the ARNP agreed that Plaintiff should pursue disability due to Plaintiff's severe symptomology (Tr. 736). As the Commissioner contends, the SSA considers such statements "inherently neither valuable nor persuasive" to the issue of whether a claimant is disabled as the statements touch upon an issue reserved to the Commissioner. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i).

6

record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole"). In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions. 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3); Social Security Ruling ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

As indicated, in addition to the objective evidence of record, the

Commissioner must consider all the claimant's symptoms,[3] including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.  *See* 20 C.F.R. §§ 404.1529, 416.929; SSR 16-3p, 2017 WL 5180304, at *2.  Consideration of a claimant's symptoms involves a two-step process, wherein the SSA first considers whether an underlying medically determinable physical or mental impairment exists that could reasonably be expected to produce the claimant's symptoms, such as pain.  20 C.F.R. §§ 404.1529(b), 416.929(b); SSR 16-3p, 2017 WL 5180304, at *3-9.  If the SSA determines that an underlying physical or mental impairment could reasonably be expected to produce the claimant's symptoms, the SSA evaluates the intensity and persistence of those symptoms to determine the extent to which the symptoms limit the claimant's ability to perform work-related activities.  20 C.F.R. §§ 404.1529(c), 416.929(c); SSR 16-3p, 2017 WL 5180304, at *3-9. When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so.  *Wilson*, 284 F.3d at 1225 (citation omitted).  A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

      Here, the ALJ found that, while the record reflected that Plaintiff expressed both mental and physical subjective complaints, the record did not support the

---

[3] The regulations define "symptoms" as a claimant's own description of his or her physical or mental impairment.  20 C.F.R. §§ 404.1502(i), 416.902(n).

severity of such complaints. In making that finding, the ALJ explicitly acknowledged and considered Plaintiff's statements regarding, for example, her manic attacks, cutting herself, her anxiety and depression, and the dizziness, drowsiness, and restless legs she experienced as side effects from her medications (Tr. 54-55). Specifically, in considering Plaintiff's subjective complaints, the ALJ concluded that, although Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record (Tr. 55). According to the ALJ, Plaintiff's statements regarding her symptoms were inconsistent primarily because the medical evidence of record showed that her physical and mental impairments responded well to conservative treatment (Tr. 55).

Namely, as the ALJ explained, during the period at issue, mental status examinations generally showed intermittent behavior, attitude, and grooming abnormalities but also indicated that Plaintiff was alert with appropriate attire, appropriate eye contact, appropriate language and fund of knowledge, fair memory, fair attention and concentration, normal speech, logical and relevant thought process, intact associations, good insight and judgment, and no delusions, hallucinations, and homicidal or suicidal ideations, and, notably, during several appointments, Plaintiff indicated that she was happier and calmer, doing well, and that her medications were effective and helpful (Tr. 56, 545-52, 650-53, 726-43, 769-

82).[4] Further, as the ALJ noted, during that time, Plaintiff also demonstrated gait, station, muscle strength, and muscle tone within normal limits and normal cardiac and musculoskeletal findings upon physical examination (Tr. 56, 536, 625-30, 726-43, 746-47). In addition, objective testing showed only a disc protrusion at C5-6 but no high-grade canal or neuroforaminal stenosis; only mild to moderate spondylosis at L5-S1, resulting in mild to moderate left neuroforaminal narrowing; and normal findings from a nerve conduction study and an electromyography of the lower extremity and nerve testing of the left upper extremity (Tr. 763-65, 795-96).

Most importantly, with respect to Plaintiff's treatment regimen, the ALJ highlighted the fact that Plaintiff's subjective complaints were inconsistent with the type of treatment Plaintiff received, noting that Plaintiff responded well to conservative treatment (Tr. 55-57). As the ALJ correctly stated, Plaintiff's treatment typically "consisted of smoking cessation, exercise, muscle relaxers, and prescription medications with psychotherapy" (Tr. 55, 536, 545-52, 599, 617-30, 650-53, 769-81). Such conservative treatment for both Plaintiff's mental and physical impairments supports the ALJ's finding that Plaintiff's subjective complaints were not as severe as alleged and did not support a finding of disability.

---

[4] The Court is cognizant of the Eleventh Circuit's recent analysis in *Simon v. Commissioner of Social Security* discussing the unpredictable fluctuation of symptoms, including good days and bad days, for individuals with mental disorders and the impropriety of an ALJ's dismissal of a mental health professional's treatment notes as indicating only mild limitations because some of the mental status examinations are better than others. 7 F.4th 1094, 1106 (11th Cir. 2021). Upon review of the ALJ's decision and the evidence of record in this instance, the Court is satisfied that the ALJ fully and properly considered the medical evidence in conjunction with the other evidence describing Plaintiff's subjective complaints regarding her mental impairments.

*See, e.g., Horowitz v. Comm'r of Soc. Sec.*, 688 F. App'x 855, 863-64 (11th Cir. 2017)[5] (finding that a conservative treatment regimen for a plaintiff's mental and physical impairments supported the ALJ's finding that the claimant's subjective complaints were inconsistent with the medical evidence); *Wolfe v. Chater*, 86 F.3d 1072, 1078 (11th Cir. 1996) (finding that the ALJ did not err in relying upon the plaintiff's conservative treatment to discredit the plaintiff's subjective complaints regarding his nonexertional impairments). For the foregoing reasons, therefore, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 14th day of September, 2021.

*/s/ Anthony E. Porcelli*
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

---

[5] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

11